IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REGINIA BRADFORD, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5: 19-CV-1071 |
| | § | |
| RYAN D. McCARTHY, ACTING | § | |
| SECRETARY, DEPARTMENT OF | § | |
| THE ARMY, | § | |
| Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes REGINIA BRADFORD, hereinafter referred to as the Plaintiff, complaining of

RYAN D. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, hereinafter

referred to as the Defendant, and as and for her causes of action against said Defendant, Plaintiff

would respectfully show the Court as follows:

### NATURE OF THE CASE

(1)     This is a civil action brought by the Plaintiff under the provisions of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 2000e-16, wherein the Plaintiff

claims that the Defendant has discriminated against her because of her race and/or sex.  The Plaintiff

also claims that the Defendant has discriminated against her because of her age, in violation of the

Age Discrimination in Employment Act (the ADEA), 29 U.S.C. § 621, et seq., 29 U.S.C. § 633a,

and 29 C.F.R. § 1614.201.  Finally, the Plaintiff claims that the Defendant has retaliated against her

for complaining about the Defendant's acts of discrimination, in violation of both Title VII and the

ADEA.

## JURISDICTION

(2)     This Court has jurisdiction of this civil action under the provisions of 28 U.S.C. §§ 1331 and 1343, and 29 C.F.R. § 1614.407 (d).

## VENUE

(3)     Venue of this civil action is proper in the San Antonio Division of the Western District of Texas inasmuch as the unlawful discriminatory and retaliatory acts of which the Plaintiff complains occurred in the Western District of Texas, San Antonio Division.

## PARTIES

(4)     The Plaintiff, REGINIA BRADFORD, is an individual citizen of the United States who resides in Helotes, Bexar County, Texas.  At all times material and relevant hereto, the Plaintiff was an "employee" [as that term is defined at 42 U.S.C. § 2000e (f), and 29 U.S.C. § 630(f)] of the Department of the Army, and was assigned to work at Brooke Army Medical Center, Fort Sam Houston, Texas.  The Plaintiff's date of birth is April 5, 1961.  She is 58 years old.  Ms. Bradford is an African-American female.

(5)     The Defendant, RYAN D. McCARTHY, is the Acting Secretary of the Department of the Army, a military department, as defined at 5 U.S.C.§ 102, of which Brooke Army Medical Center is a branch, division or subdivision.  At all times material and relevant hereto, the Department of the Army was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 2000e (b) and 29 U.S.C. § 630(b).

The Defendant McCARTHY may be served with summons herein by delivering the same, together with a copy of this Complaint, by certified mail, return receipt requested, to Ryan D. McCarthy, Acting Secretary, Department of the Army, at 101 Army Pentagon, Washington, DC

20310-0101; to Mr. William H. Barr, Attorney General of the United States, at the U.S. Department

of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and to Mr. John F. Bash,

United States Attorney for the Western District of Texas, Attention: Civil Process Clerk, Ms.

Stephanie Rico, at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216.

(6)     For purposes of applying the provisions of 42 U.S.C. § 1981a, the Plaintiff alleges

that the Defendant has employed more than 500 employees in each of 20 or more calendar weeks

in the current or preceding calendar year.

## FACTS

(7)     At most times material and relevant hereto, the Plaintiff, REGINIA BRADFORD,

was employed by the Defendant as an Administrative Health Specialist, GS-0301-12, assigned to

the Clinical Operations Division, Brooke Army Medical Center, Fort Sam Houston, Texas. Her first

level supervisor has been, and continues to be, Major Walter Glasco, and her second level supervisor

has been, and continues to be, Colonel David Parker.

(8)     The Plaintiff, Ms. Bradford, alleges that Major Glasco and Colonel Parker,

individually, and in concert with one another, have discriminated against her because of her race, sex

and/or age, and have retaliated against her for complaining about their discriminatory actions.

(9)     From on or about November 1, 2017 to on or about May 15, 2018, Major Glasco

discriminated against Ms. Bradford on the basis of her race, sex and/or age by (a) failing to provide

her with a Position Description that accurately reflected her then current assigned duties, (b) failing

to complete a desk audit of her position, (c) rating one element of her performance during the period

from November 1, 2017 to March 31, 2018 as "fully successful," rather than "outstanding," and (d)

issuing her an "Event Oriented Counseling" for "insubordination."

(10)    On May 16, 2018, in accordance with 29 C.F.R. § 1614.104, Ms. Bradford consulted an EEO Counselor in regard to her performance appraisal, and in regard to the "Event Oriented Counseling" she received on May 15, 2018.   She complained to the EEO Counselor that Major Glasco's actions as described in paragraph (9) above were discriminatory.

(11)    Two (2) weeks later, on June 1, 2018, Colonel Parker placed Ms. Bradford on administrative leave, in retaliation for her having consulted an EEO counselor, on the pretextual basis of conducting an investigation into an alleged incident of alleged "workplace violence" allegedly committed by Ms. Bradford on May 31, 2018.   On that date (May 31, 2018), armed Security Police officers from the Provost Marshal's Office appeared at Ms. Bradford's work station, and demanded that she surrender her office keys.   When she asked the officers why her keys were being confiscated, the officers would not answer her question.   Later that day, Ms. Bradford was escorted by the Chief Provost Marshal to Colonel Parker's office, where she was relieved of her ID badge and escorted from the premises like a common criminal.

(12)    On June 11, 2018, Ms. Bradford filed a formal complaint of discrimination based upon the events described in paragraphs (9) and (11) above.

(13)    Although she had not been contacted by the Provost Marshal's office for an interview, and an investigation of the alleged "workplace violence" was apparently still ongoing, Ms. Bradford was allowed to return to work on June 25, 2018.   Two (2) days later, on June 27, 2018, Major Glasco detailed Ms. Bradford to the Resource Management Division (RMD) at Brooke Army Medical Center, on 30 minutes' notice to Ms. Bradford.   Although the detail was supposed to be for 30 days, Major Glasco extended it for a period of almost nine (9) months, and Ms. Bradford was not allowed to return to the Clinical Operations Division until March 11, 2019.

(14)    In the meantime, the Provost Marshal's Office concluded its investigation of the alleged workplace violence incident, and Ms. Bradford was advised that no administrative or disciplinary action would be taken against her by reason of the alleged incident.

(15)    On June 28, 2018, Ms. Bradford amended her EEO complaint to allege that Colonel Parker had retaliated against her by placing her on administrative leave, and that Major Glasco had retaliated against her by detailing her to RMD.

(16)    On September 22, 2018, Major Glasco removed from Ms. Bradford all duties and responsibilities previously assigned to her as the Contracting Officer Representative (COR) for the Clinical Operations Division, which decision was not communicated to her until on or about October 4, 2018.

(17)    On October 23, 2018, Ms. Bradford amended her EEO complaint again to allege that Major Glasco's action as described in paragraph (16) above was retaliatory.

(18)    On or about January 3, 2019, while detailed to RMD, Major Glasco submitted to Ms. Bradford modified performance elements and standards upon which he proposed that her 2018-2019 performance would be evaluated.

(19)    On or about January 9, 2019, Ms. Bradford met with Lieutenant Colonel James E. Craig and Lieutenant Colonel Kristi M. Morris, who were her supervisors while she was detailed to RMD, and complained to them that, since she had not performed the tasks related to Colonel Parker's modified performance elements and standards for at least 90 days, she could not legally be evaluated based on those performance elements and standards.

(20)    Ms. Bradford's complaint fell on deaf ears and she was compelled to acknowledge the modified performance elements and standards in DPMAP on January 9, 2019.

(21)    On March 22, 2019, Major Glasco denied Ms. Bradford the right to discuss and acknowledge her progress review, and instead acknowledged it for her.

(22)    On or about April 1, 2019, Major Glasco denied Ms. Bradford the right to contribute input to her performance plan for the 2018-2019 appraisal period.

(23)    On June 5, 2019, Major Glasco submitted to Ms. Bradford her annual Performance Appraisal for the period from April 1, 2018 to March 31, 2019, and rated her performance as "Fully Successful" instead of "Outstanding," even though, for the majority of the rating period, from June 27, 2018 to March 11, 2019, Ms. Bradford was detailed to RMD, and Major Glasco was not her supervisor.

(24)    The Plaintiff, Ms. Bradford, alleges that each and all of the actions taken by Colonel Parker and Major Glasco as described in paragraphs (18) through (23) above were taken in retaliation against her for her having engaged in protected EEO activity.

(25)    In addition, Ms. Bradford did not receive her initial counseling for the 2019-2020 appraisal period,  which should have been completed by April 30, 2019, until August 28, 2019.

(26)    Soon after she returned to Clinical Operations, on or about March 11, 2019, Major Glasco downgraded her position from a GS-12, Administrative Health Specialist, to a GS-11, Health System Specialist, effective March 17, 2019.  As a result of that downgrade, all of Ms. Bradford's supervisory duties and responsibilities were removed from her.

(27)    Since her return to Clinical Operations, Major Glasco has isolated and ostracized Ms. Bradford and has refused to assign her any meaningful work.

(28)    However, on August 15, 2019, Ms. Bradford was again detailed (without consulting with or obtaining the approval of the Union), effective August 19, 2019, to the Department of

Surgery, allegedly for a period of 120 days.

(29)    Ms. Bradford alleges that Major Glasco's action of downgrading her position, as described in paragraph (26) above, was retaliatory, and that his isolation and ostracism of her, as well as his refusal to assign her any meaningful work, was also retaliatory.

(30)    The investigation of Ms. Bradford's formal complaint was completed, and a Report of Investigation was issued, on or about December 20, 2018.

(31)    On or about January 22, 2019, Ms. Bradford requested a hearing of her EEO complaint before an EEOC Administrative Judge.  More than 180 days have expired since she made that request.  This civil action is therefore authorized under the provisions of 29 C.F.R. § 1614.407 (d).

## CAUSES OF ACTION

(32)    The Plaintiff, REGINIA BRADFORD, now brings this civil action against the Defendant, RYAN C. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, alleging that the Defendant has discriminated against her because of her race and/or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and has retaliated against her because of her complaints of discrimination.  As relief from said violations of law, the Plaintiff seeks an order of this Court directing the Defendant to (a) reinstate her to her rightful position as an Administrative Health Specialist, GS-0301-12, and to pay her all back pay or wages or salary lost by her as a result of having been unlawfully downgraded by Major Glasco, (b) to pay her compensatory damages for the emotional distress and mental anguish, and shame, humiliation and embarrassment, caused her by being falsely accused of workplace violence and being treated like a common criminal, (c) to pay her her reasonable attorney's fees and court costs, and (d) to restore to

7

her all leave she was required to take because of the Defendant's discriminatory and retaliatory actions.

(33)    The Plaintiff, REGINIA BRADFORD, also brings this civil action against the Defendant, RYAN C. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, alleging that the Defendant has discriminated against her because of her age in violation of the Age Discrimination in Employment Act (the ADEA), 29 U.S.C. § 621, et seq., 29 U.S.C. § 633a and 29 C.F.R. § 1614.201, and has retaliated against her because of her complaints of discrimination.  As relief from said violations of law, the Plaintiff seeks an order of this Court directing the Defendant to (a) reinstate her to her rightful position as an Administrative Health Specialist, GS-0301-12, and to pay her all back pay or wages or salary lost by her as a result of having been downgraded by Major Glasco, (b) to pay her compensatory damages for the emotional distress and mental anguish, and shame, humiliation and embarrassment, caused her by being falsely accused of workplace violence and being treated like a common criminal, (c) to pay her her reasonable attorney's fees and court costs, and (d) to restore to her all leave she was required to take because the Defendant's discriminatory and retaliatory actions.

(34)    Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, REGINIA BRADFORD, respectfully prays that summons be duly issued and served upon the Defendant, RYAN D. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, and that, upon final hearing hereof, she shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which she may show herself justly entitled.

8

Respectfully submitted,

GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

**ATTORNEY FOR PLAINTIFF
REGINIA BRADFORD**